IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT AMERY LUNN, </br></br>          Plaintiff, </br></br>   v. </br></br>ANDREW SAUL, </br>Commissioner of Social Security, </br></br>          Defendant. | Civil Action No. 20-117-E |

O R D E R

AND NOW, this 9th day of August, 2021, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

---

[1]  Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] Plaintiff raises a number of arguments as to why he believes the Administrative Law Judge ("ALJ") erred in failing to find him disabled, primarily in failing to properly determine his residual functional capacity ("RFC"). He first contends that the ALJ afforded insufficient weight to the opinions of two of his treating physicians that he argues demonstrated his disability. He further asserts that the ALJ erred at Step Two of the sequential analysis by failing to find that his left shoulder issues constituted severe impairments. Finally, he takes issue with the ALJ's failure to find that he requires the use of a cane to walk and the impact of this finding on the ALJ's formulation of Plaintiff's RFC. The Court finds no merit in Plaintiff's contentions and finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

Plaintiff first argues that the ALJ gave insufficient weight to the opinion of Dr. Jason Tronetti, D.O., his primary care physician, that he had been unable to work since February 3, 2017 (R. 1011), and to the opinion of Dr. Terrance Foust, D.O., his orthopedic surgeon, that he would not likely be able to do repetitive motions or any heavy lifting for sustained periods of time due to his right shoulder impairment (R. 1264). He asserts that the ALJ gave inadequate consideration to the fact that Drs. Tronetti and Foust were treating medical sources and that their opinions were essentially uncontradicted in the record. The Court disagrees on both counts. The ALJ's consideration of the physicians' opinions was done pursuant to the proper legal standard and supported by substantial evidence. Further, while not determinative in any event, their opinions were not uncontradicted, as the ALJ sufficiently discussed.

There is no question that, when assessing a claimant's application for benefits, the opinions of the claimant's treating physicians generally are to be afforded significant weight. *See Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(c)(2); *Fargnoli*, 247 F.3d at 43; *Plummer*, 186 F.3d at 429. As such, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he or she may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. *See Plummer*, 186 F.3d at 429. However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional

capacity[.]" *Brown v. Astrue*, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

*Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part).

It is first worth noting that what Plaintiff refers to as an "opinion" is really part of Dr. Foust's treatment notes from January 15, 2019, containing some recommendations he had given to his patient. The ALJ expressly addressed and discussed these notes, specifically giving "significant weight" to Dr. Foust's recommendations that Plaintiff was able to do light activities and some basic home maintenance and that he should not do repetitive motions or any heavy lifting for sustained periods of time. (R. 35). Accordingly, the ALJ did not reject Dr. Foust's opinion, but rather found it to be consistent with the limited range of light work to which she limited Plaintiff in the RFC. This Court agrees.

The Court also finds that the ALJ gave proper consideration to Dr. Tronetti's one-page January 14, 2019 opinion. The ALJ not only discussed this opinion within the context of the other record evidence, including Dr. Tronetti's treatment notes, she also observed that "Dr. Tronetti check[ed] off a box indicating that the claimant had been unable to work since February 3, 2017, but there is no information setting forth any specific functional limitations that prevented the claimant from working." (R. 36). It is well established that a physician's statement that a claimant is "disabled" or "unable to work" is not binding on the ALJ, as opinions as to whether a claimant is disabled is reserved to the Commissioner of Social Security. *See* 20 C.F.R. § 416.927(d)(1); *Griffin v. Comm'r of Soc. Sec.*, 305 Fed. Appx. 886, 891 (3d Cir. 2009); *Knepp v. Apfel*, 204 F.3d 78, 85 (3d Cir. 2000). As the ALJ noted, the opinion at issue offered no information relevant to Plaintiff's RFC. Moreover, Dr. Tronetti's opinion consisted merely of checked boxes on a form with no significant explanation. The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993). Indeed, the limited weight afforded to Dr. Tronetti's opinion was based on the lack of relevant information provided, and not on the ALJ's alleged failure to acknowledge Dr. Tronetti's status as a treating physician.

Further, despite Plaintiff's characterization of the opinions of Drs. Tronetti and Faust as being "uncontradicted," this was simply not the case. While it is not clear that it was actually inconsistent with the other opinions, the record also contains the opinion of Michael Lombard, M.D., the state reviewing agent, who found Plaintiff to be capable of a limited range of light work. (R. 253-62). The ALJ considered and gave great weight to this opinion (R. 36), as she was permitted to do. *See Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (holding that where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit"); *Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). The RFC ultimately formulated by the

ALJ, while it closely tracked Dr. Lombard's opinion, was actually more restrictive, as she relied on the entirety of the record in making her findings.

In short, the ALJ, as she is required to do, considered all of the medical opinions, in light of the objective medical evidence and the record as a whole, in determining the RFC and whether Plaintiff was disabled. Her rationale for weighing the opinions as she did was thorough and supported by substantial evidence.

Plaintiff further argues that the ALJ erred in not finding his left shoulder impingement and degenerative changes in the left AC joint to constitute severe impairments at Step Two of the sequential analysis. However, the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. *See Bradley v. Barnhart*, 175 Fed. Appx. 87, 90 (7th Cir. 2006). So long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. *See Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); *Lee v. Astrue*, Civ. No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); *Lyons v. Barnhart*, Civ. No. 05-104, 2006 WL 1073076, at *3 (W.D. Pa. Mar. 27, 2006); *Gerald v. Berryhill*, No. 3:17-CV-00575, 2018 WL 7364649, at *5 (M.D. Pa. Oct. 12, 2018), *report and recommendation adopted*, No. CV 3:17-575, 2019 WL 719829 (M.D. Pa. Feb. 19, 2019). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's left shoulder issues to be non-severe.

What matters is whether the ALJ properly accounted for any left shoulder issues in formulating Plaintiff's RFC. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). *See also* 20 C.F.R. § 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's left shoulder impingement and degenerative changes in the left AC joint to be severe does not mean that these impairments could not still have affected Plaintiff's RFC.

However, the issue is not whether Plaintiff had been diagnosed with left shoulder conditions, but what functional limitations the conditions caused, and Plaintiff does not suggest what additional functional limitations should have been included in his RFC. *See Walker v. Barnhart*, 172 Fed. Appx. 423, 426 (3d Cir. 2006). While he vaguely asserts that the RFC should have included at least *some* restrictions specific to his left upper extremity, it is important to note that the RFC, as formulated by the ALJ, was already significantly restrictive, and there are no opinions or other evidence in the record that would indicate the need for any additional specific restrictions to account for Plaintiff's left shoulder. The Court notes that even Drs. Tronetti and Foust did not opine to additional functional limitations attributable to Plaintiff's left shoulder.

The Court further notes that Plaintiff, in attempting to establish that additional limitations were needed to account for his left shoulder conditions, cites to evidence that, while submitted to the Appeals Council, was not before the ALJ, specifically records from Great Lakes Neurosurgery and Neurosciences from August 14, 2017 (R. 43-48).  However, evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence.  See *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001).  Plaintiff does not request a remand on the basis of new evidence under sentence six of 42 U.S.C. § 405(g), nor would one be warranted, as Plaintiff has made no showing of good cause for not submitting this evidence to the ALJ, and, moreover, there is no basis for finding a reasonable possibility that the records – which contain no specific information regarding functional limitations – would have changed the outcome of the determination.  See *Matthews*, 239 F.3d at 594; *Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir. 1984).

Plaintiff similarly relies heavily on evidence that was not before the ALJ in his third argument – that the ALJ incorrectly discounted the observation of Amy Sorg, CRNP, that he used a cane to ambulate in formulating his RFC.  Specifically, he points to evidence demonstrating that other physicians had noted his use of a cane and/or other assistive devices between 2011 and 2013.  However, the Court, as discussed, cannot consider much of this evidence and, in any event, it pertains to observations made years prior to the application date of December 27, 2016.  In fact, the evidence to which Plaintiff cites appears to have related, not to the present application for benefits, but to Plaintiff's previous disability proceedings.

Regardless, even assuming Plaintiff could establish that he had been observed multiple times using a cane, crutches, or other assistive device, this alone would not warrant remand.  Although Plaintiff raises this argument in regard to the evaluation of evidence from Ms. Sorg considered by the ALJ at Step Three of the sequential analysis (R. 21-22), he does not specifically challenge the ALJ's determination that he did not meet the requirements of Listing 1.02A, 20 C.F.R. Part 404, Subpart P, Appendix 1.  In any event, to meet this listing, he would have to establish an inability to ambulate effectively.  The "Inability to Ambulate Effectively" is a defined term – it requires proof of an "extreme limitation of the ability to walk" generally meaning "the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B2b.  Plaintiff can make no such showing.

Moreover, for the use of an assistive device to be included in the RFC, the record would have to show that the use was medically necessary as well as the circumstances under which the device was required.  Here, at best, Plaintiff alleges that his doctors saw him with a cane, but provides no evidence that he was using the cane pursuant to a prescription or that any of these doctors had opined that the cane was medically necessary.  In similar cases, courts have found no basis for including the use of an assistive device in a claimant's RFC.  See *Drowell v. Berryhill*, Civ. No. 17-795, 2018 WL 3574890, at *2 (W.D. Pa. July 25, 2018) (citing *Houze v. Barnhart*, 53 Fed. Appx. 218 (2002)) (finding that the ALJ did not err in failing to account for claimant's use of a cane in fixing the RFC where there were multiple references to the fact that claimant used a cane but no evidence of its medical necessity); *Van Horn v. Saul*, 4:19-cv-414, 2019 WL

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 16) is DENIED and that Defendant's Motion for Summary Judgment (document No. 19) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record

---

544830, at *11 (M.D. Pa. Sept. 11, 2019). *Cf.* S.S.R. 96-9p, 1996 WL 374185 (S.S.A.), at *7 (applying this same standard in regard to sedentary work).

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.